Anna Jones
vs. } Law No. 1232.
William P. De Mayo

January 3, 1929.

SUMNER, J. Plaintiff has brought suit to recover damages for injuries which she claims were caused by a collision between the truck of the defendant and a sedan in which she was riding as a passenger. The jury returned a verdict for the plaintiff for $1,794.70

and defendant has filed his motion for a new trial.

The defendant claimed the discovery of new evidence and presented the affidavits of two witnesses.

The Court does not think that the defendant used reasonable diligence in preparing his case and looking up witnesses. One of the affiants testified in the case to towing the damaged sedan away to a repair shop but was not questioned as to his further knowledge of the case. The other witness was a crossing-tender, stationed some 600 feet away from the scene of the accident. Their testimony would be merely cumulative on minor points and not helpful in the real issues of the case. Neither of them saw the car that the plaintiff was in till after the collision.

The Court feels that the plaintiff established liability by a fair preponderance of the evidence and that a new trial should not be granted on the ground of newly discovered evidence.

The Court does feel that the award of damages was excessive. The plaintiff was painfully but not dangerously injured; her body was encased for three or four weeks in a cast, and the arm was afterwards put in a sling for one or two weeks more. She undoubtedly suffered considerable pain during this period, also during the subsequent manipulation of her arm. She claims that on account of the injury she was compelled to give up her position; that her shoulder still bothers her; that she has only been able to work five months during the last year, and has been under the treatment of a physician in Cleveland, where she lives.

Dr. Horan, who attended her for some weeks in Providence, testified that she should be free from pain now, and have a perfect motion of her shoulder. In view of this testimony, the Court feels that the plaintiff, in order to establish her claim of subsequent suffering, should have offered the testimony of the Cleveland physician.

The plaintiff testified as to expenses amounting to $240, and that she had lost wages for a period of seven months, viz., $560, which would give a total of $800.

In the absence of the testimony of the Cleveland physician, the Court does not think that the plaintiff has clearly established her claim of a loss of seven months' wages and subsequent suffering, and, on the whole, thinks that $1,300 would be a fair award of damages for the injuries as shown by the evidence.

The defendant's motion for a new trial is granted on the ground of excessive damages, unless the plaintiff shall, within three days of the filing of this rescript, remit all of the damages awarded in excess of $1,300.

For plaintiff: E. Raymond Walsh.
For defendant: James O. Watts.